BANK OF BABYLON and Another, Plaintiffs, *v.* F. E. SUMMERS COAL & LUMBER Co., INC., and Others, Defendants.

County Court, Suffolk County, December 4, 1933.

*Half & Farrington,* for the plaintiffs.

*Harrison C. Glore,* for the defendants.

HAWKINS, J. Defendant moves to dismiss this foreclosure action pursuant to section 1077-e of the Civil Practice Act, which was enacted, as emergency legislation, by chapter 793 of the Laws of 1933.

The amount due on the mortgage at maturity on April 1, 1933, was $36,000, to foreclose which, with interest then due, the action was commenced in May, 1933.

The plaintiff Summers was the original mortgagee, and it is alleged that he had assigned the mortgage and the bond secured thereby to the Bank of Babylon to secure an indebtedness from him to the bank aggregating $32,615.74. Both Summers and the bank are plaintiffs in the foreclosure.

On July 5, 1933, the parties met and arrived at an agreement which was substantially reduced to writing. By this agreement the plaintiff Summers apparently consented to waive whatever rights he might have in the bond and mortgage, if the bank would be paid or satisfied to the extent of his indebtedness to it. The defendant accordingly agreed to reduce the principal by $20,000, of which it paid $5,000 then and there, and of which an additional $5,000 was to be paid July 17, 1933, and the balance of $10,000 on or before October 2, 1933.

There was due the bank on the principal of the indebtedness, as has been mentioned, $32,615.74, but it was to be paid also the interest, taxes on the property, and costs, etc., which brought the amount payable to it under the agreement to $35,081.93. By the reduction of the principal by the $20,000 the bank was still to receive $15,081.93, and of this amount $13,000 was to stand as the balance due on the mortgage, the maturity of which was to be extended for three years, and the balance was to be taken care of by a small mortgage on other property and additional cash.

The $10,000 installment of principal that was to be paid on October second was not paid by the defendant, nor was any other payment made or thing done by the defendant, under the agreement, except the two payments made thereunder in July. Defendant says that by making these two payments, aggregating $10,000, he had paid enough, and more, to cure any default on his mortgage, except in the payment of the balance of the principal and that, there being only default in payment of principal, the action cannot be maintained, and must be dismissed, under section 1077-e

of the Civil Practice Act, which makes the emergency legislation applicable to pending actions which have not proceeded to final judgment and says, as to any such action, that it " shall be dismissed upon payment by any defendant to the plaintiff of taxable costs and the remedying of any default other than the payment of principal or any installment of principal within thirty days after this act takes effect, but otherwise such action or proceeding may continue."

Defendant says that when this section became effective, on August 26, 1933, and during the specified thirty days thereafter, there was no default to cure, by reason of the payments in July, aggregating $10,000, pursuant to the agreement, and that any default had been cured by reason of such payments, and that, anyhow, the receiver had some money on hand that should be considered applicable to any such default.

The sum in the possession of the receiver was not sufficient to take care of the taxes and interest, as the memorandum of July fifth indicates, so I need not consider that point.

The defendant takes the position also that the agreement of July, if carried out, would have operated to defeat the right of the plaintiff to proceed with the foreclosure action, and that the emergency legislation excused the defendant from carrying out his part further, so that the agreement bars the action without further performance thereon by him. In this he is mistaken. The emergency legislation does not operate to cure defaults under an agreement just because it happens to involve a mortgage. It goes only so far as to close the courts to a foreclosure of the mortgage by reason of default in principal.

When this act became effective, on August twenty-sixth, the situation was this: There was a mortgage on which there was unpaid $36,000 and interest, less, however, the $10,000 paid in July, leaving a balance unpaid of $26,000 and interest. There was an agreement under which, if this defendant would make certain other further payments, the principal of this mortgage would be deemed reduced to $13,000. These other payments he was at liberty to make, and have the benefit of the agreement. Or he could forsake the agreement and, within thirty days, pay to the plaintiff the interest and the taxable costs, and on such payment the action would have to be dismissed, pursuant to said section 1077-e. He chose to forsake the agreement, and made no payment within the said thirty days. The action must, therefore, proceed.

The $10,000 paid in July was strictly on account of principal. In the memorandum of the agreement, which is in the form of a " closing statement," the defendant is debited with a number of

items, including principal, interest, costs, etc., aggregating the $35,081.93. And the credit column aggregates also $35,081.93, and in this credit column appears the payments to be made, and the mortgages to be given, by the defendant, including the three payments aggregating $20,000. But being in that column which, with the other items therein, balances the total of the debit column, which includes the costs and interest and taxes, does not transform the payments on account of principal into something else. The affidavit on this motion to dismiss admits that the principal of the mortgage was, by these payments, to be reduced, with the maturity thereupon extended for three years; the president of the defendant corporation avers that " the only sum remaining unpaid on said bond and mortgage, *as modified and reduced,* was the installment of principal amounting to $10,000 payable on October 2, 1933." In the memorandum of July fifth the $20,000 to be paid in reduction of the principal is set down in three items in the credit column: Paid on account, $5,000; to be paid on or before July 17, 1933, $5,000; and " balance to be paid on or before October 2, 1933," $10,000. The entire credit column aggregated $35,081.93 as I have said. This last item of $10,000, called " balance," was not the balance in the credit column, because a number of other items followed. It was the balance of the amount to be paid in reduction of the principal.

Under these circumstances I cannot find that the payments made before August 26, 1933, purposely in reduction of the principal of the bond and mortgage, can fairly be held to be payment after that day of interest and taxable costs in this foreclosure action.

Section 1077-b of the Civil Practice Act, which I am also asked to consider, is not involved because there is no action here on any agreement.

The motion to dismiss is, therefore, denied.